Leroy McDONALD, d/b/a McDonald
Amoco Service Station, et al.,
Plaintiff-Appellant,

v.

H.J. HOFFMAN, Commanding Officer,
Missouri State Highway Patrol,
Respondent-Respondent.

No. 53926.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 2, 1988.

Rothman, Sokol, & Adler, Richard Andrew Barry III, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

Appellant, Leroy McDonald, appeals from the judgment of the trial court affirming the Missouri Highway Patrol Superintendent's order suspending his inspector/mechanic permit for 180 days. We affirm.

On appeal, McDonald claims: (1) The suspension of appellant's inspection/mechanic permit is void because there is no rule authorizing the solicitation and obtaining of hearing waivers from permittees. (2) The superintendent lacked the authority to deny McDonald a hearing.

On August 26, 1986, Inspector Pippin of the Highway Patrol conducted an inspection of McDonald's service station and discovered violations of the motor vehicle inspection law. The following day, Inspector Pippin notified McDonald of her findings and of the possible punishment. McDonald signed an affidavit admitting that his mechanic had issued inspection stickers without inspecting the cars.

On October 15, 1986, Inspector Pippin and Officer Doney went to McDonald's service station and gave him a copy of the Inspector's Motor Vehicle Safety Inspection Violation Report. The inspector informed McDonald that she was recommending suspension of his station permit for 180 days. He was advised of the opportunity to appear in the office of the superintendent to show cause why his inspection/mechanic permit should not be suspended. McDonald signed a document waiving his right to a hearing.

McDonald sent a letter, dated October 17, 1986, to the Missouri State Highway Patrol stating that he wished to withdraw his waiver and would contest any disciplinary action against his station permit. A letter dated October 20, 1986, was sent from the Missouri State Highway Patrol informing McDonald of his suspension and that he would not be accorded a hearing because he had voluntarily waived his right to a hearing.

McDonald first claims the suspension of his inspection/mechanic permit is void because there is no rule authorizing the solicitation and obtaining of hearing waivers from permittees.

Section 307.360.4(2), RSMo (1986) provides in pertinent part:

Before suspending or revoking either of the permits, the superintendent shall serve notice in writing by certified mail or by personal service to the permittee at

his address of record giving him the opportunity to appear in the office of the superintendent on a stated date ... for a hearing to show cause why his permit should not be suspended or revoked. An inspection station owner or an inspector may appear in person or by counsel in the office of the superintendent to show cause why the proposed suspension or revocation is in error, or to present any other facts or testimony that would bear on the final decision of the superintendent.

The statute does not require a hearing; rather it affords the permittee an opportunity to appear in the office of the superintendent to show cause why a proposed revocation or suspension is erroneous. The burden is on the permittee to come forward with reasons why the proposed decision is incorrect. If the permittee elects not to meet this burden, obviously he has the right to do so.

In this case, McDonald signed an affidavit admitting noncompliance with the inspection law. Subsequently, he waived his right to a hearing.[1] Such a waiver is clearly within the contemplation of the statute and requires no particular form or the implementation of any particular rule. McDonald's first point is denied.

McDonald next claims the superintendent lacked the authority to deny McDonald a hearing. We have reviewed the record and find that this issue was not raised, either by pleading or in the evidence, in the circuit court. We, therefore, decline to address it on appeal. *See Citro v. City of Lee's Summit,* 658 S.W.2d 86 (Mo. App. 1983). McDonald's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. An evidentiary hearing was held in the circuit court. The focus of that hearing was on whether the waiver by McDonald was coerced by the inspector and a highway patrolman. The trial judge decided as a matter of fact that McDonald's contention was without merit. The issue of coercion has not been raised on appeal.